```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                       NORTHERN DIVISION


CIVIL ACTION NO. 2:20CV27 (WOB)


NICHOLAS SANDMANN                              PLAINTIFF

VS.             MEMORANDUM OPINION AND ORDER


ROLLING STONE, LLC, ET AL.                     DEFENDANTS
```

This matter is before the Court on defendants' motion to dismiss for failure to state a claim on which relief may be granted. (Doc. 24). The Court has reviewed this matter and concludes that oral argument is unnecessary.

### *Introduction*

The Complaint is based on defendants' news coverage of an event that occurred on January 18, 2019, during a visit by plaintiff Nicholas Sandmann and his fellow Covington Catholic High School students to Washington, D.C.

Greatly summarized, the Complaint alleges that Sandmann was libeled by defendants when they published a news article stating that Sandmann, while at the Lincoln Memorial, "blocked" Native-American activist Nathan Phillips and prevented Phillips' retreat while "Nicholas and a mass of other young white boys surrounded, 'aggressively mocked', taunted, jeered and physically intimidated Phillips." (Compl. ¶ 3).

This news story is alleged to be false and defamatory. (*Id.*). Sandmann further alleges that this publication by defendants and similar stories by other news media caused him to be harassed by the public, causing him great emotional distress. (Compl. ¶¶ 25, 163, 249-250, 255).

The motion to dismiss argues that this publication is not libelous, but the Court has ruled in companion cases that it is libelous. The Court continues to hold that opinion for the reason stated in such preceding cases. *See Sandmann v. The Washington Post*, Cov. Case No. 19cv19 (Docs. 47, 64); *Sandmann v. Cable News Network*, Cov. Case No. 19cv31 (Docs. 43, 44); *Sandmann v. NBCUniversal Media, LLC*, Cov. Case No. 19cv56 (Doc. 43).

### *Analysis*

1. **Failure to State a Claim**

As in other cases, the Complaint herein alleges that the defendant's article quoted the following statement by Phillips:

> It was getting ugly, Phillips, a former Marine, told the Washington Post. I was thinking: I've got to find myself an exit out of this situation and finish my song at the Lincoln Memorial. I started going that way, and that guy in the hat stood in my way, and we were at an impasse. He just blocked my way and wouldn't allow me to retreat.

(Compl. ¶ 202). The Complaint alleges that this statement was false in that Sandmann did not block Phillips from retreating,

2

and that it conveys a defamatory meaning because it imputes to Sandmann racist conduct. (Compl. ¶¶ 203-204).

The parties agree that Kentucky law applies to this case. Under Kentucky law, a writing is defamatory "if it tends to (1) bring a person into public hatred, contempt or ridicule; (2) cause him to be shunned or avoided; or (3) injure him in his business or occupation." *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981) (citation omitted). The allegations of the Complaint fit this definition precisely.

The Complaint further alleges that the libel was the proximate result of defendants' negligence, recklessness, and actual malice. (Compl. ¶¶ 219-248).

In its motion to dismiss, defendants cite *Croce v. The New York Times Co.*, 930 F.3d 787 (6th Cir. 2019). That case involves Ohio, rather than Kentucky, law. But even if it were binding on this Court, it is not on point.

In *Croce*, a newspaper published an article that included unflattering allegations against the plaintiff, a university professor and cancer researcher. The Court held that, in "full context," a "reasonable reader would interpret the article as a standard piece of investigative journalism" which simply reported "newsworthy allegations with appropriate qualifying language." *Id.* at 794-95.

3

That holding is inapplicable under the allegations of the Complaint here. Sandmann alleges that defendants published a factual, defamatory statement by Phillips, period. No amount of context removes that meaning. Sandmann further alleges that defendants failed to exercise reasonable journalistic care in determining whether Phillips' statements should have been published at all.

Therefore, the Court holds that the Complaint states a claim for relief.

**2. Statute of Limitations**

Defendants also assert that Sandmann's claim is barred by the statute of limitations because it was filed on March 2, 2020, more than one year after the relevant events occurred on January 18, 2019.

Of course, Sandmann was 16 years old at the time of these events. And, under KRS 413.170(a), the running of a statute of limitations is tolled where the plaintiff is a minor, until he or she reaches the age of 18. Thus, Sandmann had one year following his eighteenth birthday, which occurred in July 2020, to file his claim.

Defendants argue, however, that the statute of limitations began to run when Sandmann filed his first defamation suit through his parents as his next friends on February 19, 2019, relying on an unpublished opinion of the Kentucky Court of Appeals. *See*

4

*Tallman v. City of Elizabethtown*, No. 2006-CA-002542, 2007 WL 3227599 (Ky. Ct. App. Nov. 2, 2007).

In *Tallman*, the Court held that the statute of limitations began to run against minor children when they were represented by their mother on related claims in prior litigation in federal court. *Id.* at *3. A reading of that decision, however, reveals that the Court considered the litigation before it to be highly unusual, and it noted that its ruling was made in light of "the procedural history of the case." *Id.* No such history exists here.

Moreover, the Court does not believe that the Kentucky Supreme Court would agree with *Tallman*. *Tallman* cites no authority for its holding, which conflicts with the plain language of the savings statute itself. The statute makes no exception to the tolling of the limitations period for claims by a minor until he reaches the age of majority. *See Bradford v. Bracken County*, 767 F. Supp.2d 740, 752 (E.D. Ky. 2011) (refusing to apply *Tallman* to bar plaintiff's claim, finding that Kentucky Supreme Court would not adopt its reasoning because it would add exception to statute that legislature did not provide); *T.S. v. Doe*, Civil Action No. 5:10-CV-217, 2010 WL 3941868, at *4 (E.D. Ky. Oct. 6, 2010) (similar).

Therefore, defendants' statute of limitations defense is without merit.

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendants' motion to dismiss (Doc. 24) be, and is hereby, **DENIED.**

This 1st day of October 2020.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge