UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 19-56-WOB-CJS

NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN                                          PLAINTIFF

v.

NBCUNIVERSAL MEDIA, LLC                                                  DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

CIVIL ACTION NO. 20-23-WOB-CJS

NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN                                          PLAINTIFF
v.
THE NEW YORK TIMES COMPANY
d/b/a THE NEW YORK TIMES                                                 DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

CIVIL ACTION NO. 20-24-WOB-CJS

NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN                                          PLAINTIFF

v.

CBS NEWS, INC., et al.                                                   DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

CIVIL ACTION NO. 20-25-WOB-CJS

NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN                                          PLAINTIFF

v.

**ABC NEWS, INC., et al.**                                                        **DEFENDANT**

*** *** *** ***

**CIVIL ACTION NO. 20-27-WOB-CJS**

**NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN**             **PLAINTIFF**

**v.**

**ROLLING STONE, LLC, et al.**                                           **DEFENDANTS**

<u>**JOINT REPORT OF THE PARTIES' RULE 26(F) PLANNING MEETING**</u>

1. **Planning Meeting:** Counsel for each of the parties participated in a telephonic Rule 26(f) conference on March 9, 2021.

2. **26(f)(3)(A) Initial Disclosures**: The parties agree that initial disclosures pertaining solely to Phase I of discovery as described below shall be exchanged by Plaintiff, NBCUniversal Media, LLC, ABC News, Inc., ABC News Interactive, Inc., The Walt Disney Company, CBS News Inc., ViacomCBS Inc., CBS Interactive Inc., The New York Times Company, Rolling Stone, LLC and Penske Media Corporation on the same day: April 16, 2021. Initial disclosures will be in the form required by Rule 26(a)(1).

3. **26(f)(3)(B) Subjects on Which Discovery May be Needed:**

    A. *Phased Discovery*: The parties agree that, in the interest of judicial economy, discovery initially should be limited to the facts pertaining to the encounter between Plaintiff and Mr. Phillips.

    Plaintiff's case against each Defendant then would be ripe for an early motion for summary judgment on whether Nathan Phillips' statements that Plaintiff "blocked" him or "prevented him from retreating" (the "Blocking Statements") are true or substantially true, or otherwise not actionable based on the undisputed facts developed during initial discovery and the issues defined in the Court's prior decisions.

    The limited scope of Phase 1 discovery would allow the parties to present summary judgment arguments to the Court without engaging in the costly and extensive discovery that many of the legal issues in this case would require.

If the Phase 1 motions for summary judgment are denied in any of the six cases, any remaining parties can then proceed with the far more extensive "Phase 2" discovery that will be required on the remaining issues—including without limitation:

   i. Whether Defendants acted negligently in publishing the statements at issue;
   ii. Whether the Defendants acted with actual malice under *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964);
   iii. Whether Plaintiff is properly considered a public or private figure under the First Amendment for purposes of this case;
   iv. Whether the wire defense applies to the challenged statements;
   v. Causation; and
   vi. Damages.

The parties agree that phased discovery is the best way to focus the resources of the parties and limit the burdens on the Court. Most importantly, it will permit this Court to rule at an earlier stage on the threshold issues discussed above. *See* Fed. R. Civ. Pro., Rule 1 (noting that Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Discovery in Phase 1 would involve issues that are common to all parties in the case, including Plaintiff and all of the Defendants.

4. **26(f)(3)(B) When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases:**

    The parties propose the following two-phased schedule for discovery and motions:

*Phase 1*

| Deadline | Date |
| --- | --- |
| Discovery Commences | April 5, 2021 |
| Exchange Initial Disclosures | April 16, 2021 |
| End of Depositions and Fact Discovery | Sept. 1, 2021 |
| Deadline for Joinder of Parties | May 1, 2021 |
| Summary Judgment Motions | October 1, 2021 |
| Summary Judgment Oppositions | November 1, 2021 |
| Summary Judgment Replies | November 30, 2021 |

The parties agree that within 21 days of any denial of any Phase 1 summary judgment motion, the remaining Defendants and Plaintiff will meet and confer to propose a schedule for the remaining phase.

5. **26(f)(3)(C) Electronically Stored Information:** The parties agree to separately and in good-faith negotiate a protocol for discovery of electronically stored information ("ESI") to be executed before the commencement of document productions. The parties do not anticipate any issues regarding the preservation of ESI.

6. **26(f)(3)(D) Privileged Information and Protective Order:** The parties agree to separately negotiate in good-faith a jointly proposed protective order to be executed before the commencement of document productions.

7. **26(f)(3)(E) Changes to Interrogatory Limits:** The parties agree that for Phase 1 discovery, the Plaintiff may serve up to 5 interrogatories and 5 requests for production of documents upon each Defendant seeking the identity of eyewitnesses to the events that took place at the Lincoln Memorial on January 18, 2019, statements by such eyewitnesses describing those events , and any videos, photos or other things that display those events. The discovery requests will be identical for each Defendant. The six defendants may serve a total of 5 interrogatories and 5 document requests regarding the same topics and may serve them collectively.

8. **26(f)(3)(E) Changes to Deposition Limits:** The parties agree that depositions during Phase 1 will be limited to eyewitnesses of the events at the Lincoln Memorial on January 18, 2019 and that all parties shall be permitted to attend and participate in all depositions noticed by any other party, and all depositions shall bear the caption of all cases without the need to serve additional deposition notices.  The parties also agree that should any party need to exceed these limits, the party may move for leave to do so.

    The parties  propose the following limits:

    Phase 1:  5 eyewitness depositions total for Plaintiff, and 5 eyewitness depositions total for Defendants, plus Nathan Phillips, and Plaintiff.

9. **26(f)(3)(E) Changes to Deposition Duration:** The parties agree that every deposition (except the deposition of Plaintiff) will be limited to 7 hours on the record.  For third party depositions noticed by one side, the noticing side will be entitled to 5 hours on the record, with 2 hours reserved for the other side. For third party depositions noticed by both sides, the Plaintiff will be entitled to 2.5 hours and the Defendants will be entitled to 4.5 hours on the record and the deposition will count against the limit for each side (the above being subject to Plaintiff's request below regarding Nathan Phillips).  The parties may move for leave to amend these time limits for good cause.

    A. *Plaintiff's Deposition* The parties agree that in Phase 1, Defendants may depose Plaintiff on the subjects at issue in Phase 1 for a total of 10 hours.  The Phase 1 deposition will be on two consecutive days with five hours of testimony allotted to each day.  Should a second phase of discovery be required, the Plaintiff and remaining Defendants will negotiate the terms of a second deposition of Plaintiff. To the extent necessary, the Defendants reserve their right to utilize the full balance of any unused time allotted under the Federal Rules, for Plaintiff's second deposition during Phase 2.

    B. With respect to Nathan Phillips, the parties should jointly negotiate a single third party subpoena to simplify any enforcement required by the Court in the District in which Mr. Phillips resides.

4

**10. Other Topics:**

    A. **Settlement:**  As required by the Federal Rules, the parties discussed but are unable to evaluate a potential settlement of this case at this point.

March 26, 2021    Respectfully submitted,

/s/ *Todd V. McMurtry*
Todd V. McMurtry
Hemmer DeFrank Wessels PLLC
250 Grandview Drive
Suite 500
Ft. Mitchell, KY 95343
Phone:  (859) 344-1188
Fax: (859) 578-3869
Email: tmcmurtry@hemmerlaw.com

*Attorneys for Plaintiff*

and

/s/ *John C. Greiner*
John C. Greiner (*pro hac vice*)
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 629-2734
Fax: (513) 333-4316
jgreiner@graydon.law

J. Stephen Smith
Darren W. Ford
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY 41017
Phone: (859) 578-3070
Fax: (859) 578-3071
ssmith@graydon.com
dford@graydon.com

*Counsel for Defendants NBCUniversal Media, LLC and The New York Times Company d/b/a The New York Times*

and

*/s/ Jared A. Cox*
Jared A. Cox
DENTONS BINGHAM GREENEBAUM LLP
101 South Fifth Street, Suite 3500
Louisville, KY 40202
Phone: (502) 589-4200
Jared.cox@dentons.com

Jessica Laurin Meek (*pro hac vice*)
DENTONS BINGHAM GREENEBAUM, LLP
10 West Market Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 635-8900
Jessica.meek@dentons.com

Natalie J. Spears *(pro hac vice)*
Gregory R. Naron *(pro hac vice)*
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-2481
Natalie.spears@dentons.com
Gregory.naron@dentons.com

*Counsel for Defendants CBS News, Inc., ViacomCBS, Inc., and CBS Interactive, Inc.*

and

*/s/ Robert C. Craig*
Robert B. Craig
TAFT STETTINIUS & HOLLISTER LLP
1717 Dixie Highway, Suite 910
Covington, KY 41011
Phone: (859) 547-4300
Fax: (513) 381-6613
craigr@taftlaw.com


Nathan Siegel (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Nicolette Vairo (*pro hac vice*)

6

Case: 2:20-cv-00027-WOB-CJS   Doc #: 43   Filed: 03/26/21   Page: 7 of 8 - Page ID#: 347

> Davis Wright Tremaine LLP
> 1919 Pennsylvania Avenue NW, Suite 800
> Washington, D.C., 20006
> Phone (202) 973-7237
> Fax: (202) 973-4437
> nathansiegel@dwt.com
> adamlazier@dwt.com
> nicolettevairo@dwt.com
>
> *Counsel for Defendants, ABC News, Inc., ABC News Interactive, Inc., and The Walt Disney Company*
>
> and
>
> */s/ Kevin T. Shook*
> Kevin T. Shook *(pro hac vice)*
> Frost Brown Todd LLC
> 10 West Broad Street
> Columbus, OH 43215
> Phone: (614) 464-1211
> Fax: (614) 464-1737
> kshook@fbtlaw.com
>
> Theresa A. Canaday
> Samuel W. Wardle
> Frost Brown Todd LLC
> 400 West Market Street, 32nd Floor
> Louisville, KY 40202
> Phone: (502) 589-5400
> Faz: (502) 587-1087
> tcanaday@fbtlaw.com
> swardle@fbtlaw.com
>
> Michael E. Nitardy
> Frost Brown Todd LLC
> 7310 Turfway Road, Suite 210
> Florence, KY 41042
> Phone: (859) 817-5900
> Fax: (859) 283-5902
> mnitardy@fbtlaw.com
>
>
> Ryan W. Goellner *(pro hac vice)*
> Frost Brown Todd LLC
> 301 East Fourth Street, Suite 3300

7

Cincinnati, OH 45202
Phone: (513) 651-6800
Fax: (513) 651-6981
rgoellner@fbtlaw.com

*Counsel for Defendants Rolling Stone, LLC and Penske Media Corporation*